# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:08cv45

| | |
|---|---|
| **LOREE KAISER-FLORES**, individually and on behalf of herself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | )      **ORDER**<br>) |
| **LOWE'S HOME CENTERS, INC.**, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court on plaintiffs' Motion to Compel (#89) and defendant's Motion for Entry of Protective Order (#95). Defendant has agreed to produce certain confidential business records subject to a protective order; however, as part of that protective order, defendant requests that plaintiffs provide in advance of any subsequent disclosure the names of any experts who will be reviewing such documents.

Defendant contends that the universe of potential experts, as well as the number of competitors in this specific appliance market, is finite and that it is very likely that some experts who may review their confidential documents either work for one of these competitors, consults for these competitors, or is seeking employment

with these competitors. Defendant contends that it must be able to preview such names and seek to disqualify them as defendant is in a position to know which experts may be conflicted out, because once this confidential information is read by such experts, the pressure to disclose this information by a competitor-employer would be enormous and that the damage to defendants' business would then be irreparable.

On the other hand, plaintiffs have argued that to require such disclosure of experts in advance of such persons being allowed to review confidential documents would give defendants improper insight into trial strategy and would require disclosure of work product, to wit, the identities of consulting experts. While plaintiffs argue that such a requirement is unprecedented and unsupportable as a matter of law, defendants have shown in their Reply (#106) that the overwhelming number of courts that have addressed this issue have determined that, in similar circumstances, the identity of consulting experts is not privileged. See Oregon Health & Science Univ. V. Vertex Pharms., Inc., 2002 WL 31968995 (D.Or. 2002).[1]

While the court will enter the proposed Protective Order with some

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

modifications, the court is concerned with the potential for abuse of this process.[2] To that end, the court will require that any objection to any nomination be made within five business days of the nomination being provided to defendants, that such objection be made in the form of a written motion, and that such motion contain specific reasons why review by such person is objectionable. If no such objection is made within such period, objection shall be waived. The court will not allow or await briefs, but set any such request on for hearing within a week at the federal courthouse in Asheville.

To narrow the number of objections, the court will require each person plaintiff nominates under the disputed provision to provide unsworn declarations made under penalty of perjury[3] to the following questions:[4]

(1)   Who is your present employer(s)?

(2)   Are you presently employed either in house or as a consultant by a competitor[5] with Lowes Home Centers, Inc.?

(3)   Are you presently applying for employment either in house or as a consultant with a competitor of Lowes Home Centers, Inc?

---

[2]   This concern is not based on the parties or their counsel as the attorneys herein have conducted themselves in accord with the highest possible standards.

[3]   See 28 U.S.C. 1746.

[4]   These questions are, in part, drawn from defendants' concerns.

[5]   Since Lowes competes in a wide variety of products, "competitor" shall be limited to competition in the area of retail appliance sales or such other definition as the parties may agree.

(4) Do you anticipate seeking employment either in house or as a consultant with a competitor of Lowes Home Centers, Inc., within the next three years?

(5) Have you ever been employed either in house or as a consultant by a competitor of Lowes Home Centers, Inc.?

(6) Do you understand that the confidential information from Lowes Home Centers, Inc., can never be revealed, used, or discussed by you outside this litigation and that if you do so at anytime in the future, even after this case has been terminated, a federal judge can hold you in contempt, the penalties for which can include fines and imprisonment?

(7) Do you understand that if you provide false answers in this questionnaire you could face criminal penalties in federal court for perjury?

In addition to the Acknowledgment, a copy of such unsworn Questionnaire (annexed hereto) shall be submitted to counsel for defendant with each nomination. The parties may by agreement modify such questionnaire. At no time will defendants be allowed to inquire as to opinions held by any <u>consulting</u> experts, discussions between such consulting experts and plaintiffs' counsel, or opinions that may have been expressed in other litigation by any <u>consulting</u> expert.

While the Motion to Compel will be denied and the Motion for Protective Order granted, the court determines that an award of fees would be inappropriate under Rule 37 inasmuch as the circumstances surrounding this contested issue would make any award unjust. Fed.R.Civ.P. 37(a)(5).

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Compel (#89) is **DENIED** and defendants' Motion for Entry of Protective Order (#95) is **GRANTED,** and the following **PROTECTIVE ORDER** is entered, subject to the modifications set forth supra:

**PROTECTIVE ORDER**

**THIS MATTER** having come before the court for entry of a Protective Order, and the parties having shown that good cause exists for entry of a Protective Order, and defendants having shown that entry of a Protective Order is necessary to secure confidential business information amounting to trade secrets and that absent such Protective Order such business information or trade secrets could be compromised to the detriment of defendant's business, the Court enters the following Protective Order regarding the production of certain discovery materials and the use of such materials in this action.

**Preamble**

The parties, in the course of discovery in this action, have requested or will request that Plaintiff Kaiser-Flores and Defendant, Lowe's Home Centers, Inc. ("Lowe's"), and third parties, provide each other with certain information (hereinafter "Confidential Information") that is competitively sensitive or otherwise non-public.

Therefore, with consent of the parties, as evidenced by the signatures of their counsel hereto, the Court orders the following:

**Order**

(1) The parties and third parties producing information may designate documents, electronic files and other information produced to either party in this litigation and its counsel during the course of discovery and containing Confidential Information as "Confidential." Such designation shall be made by stamping the word "Confidential" on the document at issue or by clearly designating in writing to the receiving parties and their counsel those documents or that information which is considered to be Confidential.

(2) The term "Confidential Information" means any information, whether oral or in documentary, electronic, or other tangible form, so designated by any producing person that it reasonably and in good faith believes is of the type protectable under Fed. R. Civ. P. 26(c)(7).

(3) Information disclosed in depositions shall be treated as Confidential until at least ten days after each party's counsel receives the official transcript of the deposition. A party or non-party producing entity or witness may designate any or all such information as Confidential by notifying opposing counsel in writing, within ten days after the party receives the official transcript, of the

specific pages and lines of the transcript which counsel contends are Confidential. Alternatively, a party or non-party producing entity or witness may designate such information as "Confidential" information by indicating on the record at the deposition that the testimony constitutes Confidential information which is subject to the provisions of this Order.

(4) Subject to Court order relieving them of the obligation of abiding by this order, parties receiving information pursuant to this Court order and their counsel shall keep confidential, except as specifically allowed herein, or as allowed by Court order, documents, electronic files, other information, and deposition testimony, including the information contained therein, which has been designated as "Confidential" by the producing party. In this regard, the receiving parties shall not disclose, publish or otherwise disseminate Confidential information to any third parties, except as provided for herein, and shall only use said information in conjunction with the prosecution and defense of this action and the claims and defenses alleged herein by the respective parties.

(5) The parties intend that all documents and information designated as "Confidential" information shall be used for the purposes of this litigation only. The parties may disclose documents, electronic files, and information

designated as "Confidential" only to the following persons and to no others:

(a) The parties and their counsel (including such counsel's paralegals and secretaries and in-house counsel of the parties and their affiliates);

(b) Independent qualified persons or experts, other than those who are employed by competitors to Lowe's, who are retained by an attorney of record in this case solely for the purpose of discovery in, preparation for the trial of, and the trial of the case and who, prior to receiving such Confidential Information:

(1) Have been identified by written notice given to Lowe's through its counsel, Kimball R. Anderson, at least five (5) business days prior to disclosure so that Lowe's may oppose such disclosure **within the time and in the manner provided by this Order, <u>supra</u>,** by filing a motion to disqualify with the court, if appropriate;

(2) Have been provided with a copy of this Order and have executed a document in the form of the attached Acknowledgment Form, a copy of such signed document to be provided to Kimball R. Anderson as counsel for Lowe's; and

(3) Have executed a document in the form of the attached Questionnaire, a copy of such signed document to be provided to Kimball R. Anderson

as counsel for Lowe's.

(c) Any court reporter engaged to record deposition or other testimony in this action;

(d) Any outside contractor such as document copying and document imaging and management services personnel; and

(e) The Court (as provided in paragraph 10).

Nothing in this order shall prevent or restrict outside counsel from rendering advice to their clients or prosecuting/defending this case in their best professional judgment and, in the course thereof, relying generally on examination of Confidential information which counsel are permitted to view under this Order; provided, however, in rendering such advice and otherwise communicating with such client or prosecuting/defending this case, counsel shall not make specific disclosure of any Confidential information so designated to any individual not authorized to receive such information.

(6) Nothing set forth in this order shall be construed as preventing any party who complies with the provisions of this paragraph from attending any depositions or court proceedings but the parties and others may be excluded, if appropriate, from portions of the depositions where Confidential Information is discussed. Before providing any Confidential Information to any contractor or third party

who is otherwise permitted to view that Confidential Information (pursuant to paragraph 5 above), the party shall provide the person with a copy of this Order and the person shall sign a copy of the attached Acknowledgment Form agreeing to be bound by the terms of this order.

(7) If this matter, at any time, involves multiple defendants, the Court deems it necessary and appropriate to the settlement discussions contemplated in this Order, to the preparation of this case for trial, and to the trial itself, for the Defendants to coordinate their efforts as their interests may coincide. For these reasons, communications between the Defendants to facilitate the receipt, review, and analysis of the information provided prior to discovery and throughout discovery and trial preparation, will not waive any otherwise applicable attorney-client privilege, joint defense privilege, joint interest privilege, or attorney work product privilege; nor shall any of these actions be deemed evidence of any conspiracy, collusion, or bad faith by any Defendant. This Court expressly recognizes and approves such coordination and cooperation among the Defendants, and orders that communications between the Defendants, or any of them, to effect such coordination and cooperation is protected from disclosure in this or any other litigation pursuant to the joint defense privilege recognized by this Court.

(8) Any summary that includes Confidential Information or copy of any document or electronic file marked Confidential shall be subject to the terms of this Order.

(9) Production of documents, electronic files, and things for inspection and copying shall not constitute a waiver of confidentiality. In the event that a party inadvertently produces information without designating it "Confidential" then later designates it as such, the receiving party and that party's counsel shall use their best efforts to treat the information as if it had been designated as Confidential Information at the time it was produced.

Where necessary, this shall include (where feasible):

(a) Retrieving copies of the Confidential Information provided to persons who should not have received copies of such information under the terms of this agreement; and

(b) Obtaining signed acknowledgments in accordance with Paragraph 10 of this agreement, if applicable.

(10) All documents of any nature including briefs, which have been designated as "Confidential" which are filed with the Court shall be filed electronically under seal pursuant to LcvR 6.1 and this Order. Documents ordered sealed by the Court or otherwise required to be sealed by statute shall be marked as such

within the document caption and include a notation that the document is being filed under court seal and include the entry date of the Order. A motion to file any document under seal shall be filed electronically, unless prohibited by law. The document for which sealing is sought may be submitted for in camera review prior to filing via Cyberclerk. An order of the court granting a motion to seal shall not itself be sealed, unless prohibited by law or unless the court finds that electronic filing of the order without seal would be inappropriate.

(11) The parties shall seek any further specific direction from the Court, regarding how they shall treat Confidential Information in filings (in any manner different than as agreed to pursuant to paragraph 10), hearings, in open court, and at trial.

(12) If there is any dispute between the parties as to the designation of specific information as Confidential Information, the information in question shall be treated consistent with its designation as Confidential Information until such time as the Court issues an order declaring otherwise.

(13) Following the termination of this action, whether by trial, settlement or otherwise, the parties, their counsel and any experts or consultants retained by them, shall return all Confidential Information to the party who produced the Confidential Information, including all copies of documents and electronic

files, containing Confidential Information as well as any notes or abstracts, exhibits, summaries or other formulations made or based in whole or in part on Confidential Information, or each party's council shall certify in writing their firm has physically destroyed all such documents and electronic files. The ultimate disposition of Confidential Information filed with the Court shall be subject to further order of the Court.

(14) The signatories to a copy of the Acknowledgment Form attached hereto agree that signatories to this Consent Order, at any time and with notice as required by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of North Carolina may seek an order from the Court modifying, amending or dissolving the terms of this Order.

Signed: December 2, 2009

Dennis L. Howell
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv45**

| | |
|---|---|
| **LOREE KAISER-FLORES, individually** | ) |
| **and on behalf of herself and all others** | ) |
| **similarly situated,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **Vs.** | ) |
| | ) |
| **LOWE'S HOME CENTERS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**ACKNOWLEDGMENT FORM REGARDING CONFIDENTIALITY ORDER**

THE UNDERSIGNED, acknowledges that, in conjunction with his/her services rendered relating to litigation between Plaintiff Kaiser-Flores and Defendant Lowe's presently pending in the United States District Court for the Western District of North Carolina, the undersigned will be shown documents, electronic files, and other information designated by Plaintiff, Defendant or third parties as "Confidential." The undersigned further acknowledges that he/she has been provided with a copy of that

certain PROTECTIVE ORDER attached hereto, and that, in conjunction with reviewing materials and information designated by the producing party as Confidential, he/she agrees to abide by the terms of the PROTECTIVE ORDER and to be subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to any motions, complaints or hearings regarding the issue whether the undersigned has abided by the PROTECTIVE ORDER.

This the _____ day of_____, 200__.

_____
Signature

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv45**

| | |
|---|---|
| **LOREE KAISER-FLORES, individually and on behalf of herself and all others similarly situated,** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| Vs. | )<br>) |
| **LOWE'S HOME CENTERS, INC.,** | )<br>) |
| **Defendant.** | )<br>) |
| _____ | ) |

### QUESTIONNAIRE:

(1) Who is your present employer(s)? _____

(2) Are you presently employed either in house or as a consultant by a competitor with Lowes Home Centers, Inc.? _____

(3) Are you presently applying for employment either in house or as a consultant with a competitor of Lowes Home Centers, Inc? _____

(4) Do you anticipate seeking employment either in house or as a consultant with a competitor of Lowes Home Centers, Inc., within the next three years? _____

(5) Have you ever been employed either in house or as a consultant by a competitor of Lowes Home Centers, Inc.? _____

(6) Do you understand that the confidential information from Lowes Home Centers, Inc., can never be revealed, used, or discussed by you outside this litigation and that if you do so at anytime in the future, even after this case has been terminated, a federal judge can hold you in contempt, the penalties for which can include fines and imprisonment? _____

(7) Do you understand that if you provide false answers in this questionnaire you could face criminal penalties in federal court for perjury? _____

**For Declarations made within the United States:**

I declare under penalty of perjury that the foregoing is true and correct. Executed on \_\_\_\_\_.

_____
Signature

**For Declarations made without the United States**:

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on \_\_\_\_\_.

_____
Signature