# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| LOREE KAISER-FLORES, Individually and on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br><br>Defendant. | CASE NO. 5:08-CV-00045 |
| ADAM and LAURA ECKSTEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LOWE'S HOME CENTERS, INC.,<br><br>Defendant. | CASE NO. 5:09-CV-00095 |

## ORDER OF PRELIMINARY APPROVAL

The Court having reviewed and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement [Dkt. No. 120], filed on July 28, 2010, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement and Stipulation, a copy of which has been submitted with the Unopposed Motion and the terms of which are incorporated herewith, and all other prior proceedings in these Actions, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1. The terms of the Settlement Agreement and Stipulation (the "Settlement Agreement") are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the dissemination of Notice to Class Members, each as provided for in this Order and the Stipulation.

## Conditional Certification of the Class

2. For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), these Actions are conditionally certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons who purchased a clothes dryer from a Lowe's store in the United States and received from Lowe's delivery and hookup of that dryer with a foil or plastic transition duct.

Excluded from the Settlement Class are: Defendant Lowe's Home Centers, Inc.'s and its corporate affiliates (collectively "Lowe's"). Also excluded is any trial judge who may preside over these Actions. Plaintiffs Loree Kaiser-Flores ("Kaiser-Flores"), and Adam and Laura Eckstein ("Ecksteins") are conditionally certified as the Representatives of the Settlement Class, and the law firms of Robbins Geller Rudman & Dowd LLP, David P. Meyer & Associates Co., LPA, and Maddox Hargett & Caruso, P.C. are conditionally certified as Class Counsel. This conditional certification of the class, Class Representatives, and Class Counsel are solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class

Representatives shall be void and of no further effect and the Parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in these Actions.

### Stay Order

3. The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims against Defendant or any of Defendant's Affiliates.

### Form and Timing of Notice

4. As soon as practicable after entry of this Order, but no later than within 45 days of the entry of the Order of Preliminary Approval, the Settlement Administrator shall cause the Notice, substantially in the form of Exhibit A to the Settlement Agreement, the form of which is hereby approved, to be mailed to all Class Members, by postcard, postage pre-paid, addressed to his, her or its last known address, if any, based on a list supplied by Lowe's of Lowe's customers reasonably known to Lowe's to have contemporaneously purchased from Lowe's in the United States clothes dryers, a foil or plastic transition duct, and who received delivery and/or hook up services from May 1, 2004 to present, and shall cause to be published the Publication Notice, substantially in the form of Exhibit F to the Settlement Agreement, the form of which is hereby approved, in one issue of Parade Magazine. The Settlement Administrator will also cause to be posted on the Internet the Internet Notice, substantially in the form of Exhibit E to the Settlement Agreement.

5. The Court also approves the proposed Proof of Claim substantially in the form of Exhibit D to the Settlement Agreement.

6. The Cost of providing the Notice and the Summary to the Settlement Class as specified in this Order shall be paid as set forth in the Settlement Agreement.

7. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the class and is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

## Opt Out

8. Any member of the Settlement Class may opt out of the Settlement Class and this Action in the manner and with the consequences described herein, providing that all such elections to opt out must be postmarked or received by the Settlement Administrator no later than the Opt Out Deadline.

9. The Settlement Administrator shall file with the Court no later than seven (7) days prior to the Fairness Hearing a list of all elections to opt out received by the Settlement Administrator by the Opt Out Deadline.

10. Any Class Member that does not file a timely and complete election to opt out of this Settlement by the Opt Out Deadline will be bound by the Stay Order and the Settlement.

11. Any Class Member that files a timely and complete election to opt out of this Settlement by the Opt Out Deadline may proceed with its own action.

**Fairness Hearing: Right to Appear and Object**

12. A Final Settlement and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge Richard Voorhees, at the United States Courthouse, 200 W. Broad St., Statesville, NC 28677, on **December 14, 2010, at 10:00 a.m.**, to determine:

(a) Whether the Court should certify the Settlement Class and whether the Class Representatives and their counsel have adequately represented the class;

(b) Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement and Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

(c) Whether the Actions should be dismissed on the merits and with prejudice as to Defendant;

(d) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of these Actions against Defendant and its Affiliates;

(e) Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

(f) Whether the application for incentive awards to be submitted by Class Representatives Kaiser-Flores and Ecksteins should be approved; and

(g) Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the Class.

13. Any member of the class and any other interested person may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be submitted by the Court in connection with its consideration of those matters, unless **on or before November 29, 2010**, such person:

(h) Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing; and

(i) Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by November 29, 2010:

> Counsel for the Settlement Class
> ROBBINS GELLER RUDMAN & DOWD LLP
> Stuart A. Davidson, Esq.
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, FL 33432
>
> and
>
> Counsel for Lowe's Home Centers, Inc.
> WINSTON & STRAWN LLP
> Kimball R. Anderson, Esq.
> 35 W. Wacker Drive
> Chicago, IL 60601

(j) Plaintiffs' counsel shall file all papers including memoranda or briefs in support of the settlement no later than fourteen (14) days prior to the Fairness Hearing.

(k) Class Counsel shall file any motion for an award of attorneys' fees

and reimbursement of expenses no later than fourteen (14) days prior to the Fairness Hearing.

14. The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

15. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed shall be deemed to have waived, and shall be foreclosed forever from raising, objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in this Action.

## Other Provisions

16. Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.

17. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, their counsel, any members of the Class, Defendant, Defendant's Affiliates, or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Actions are or are not meritorious, and neither the Settlement Agreement nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that

Class Representatives, or any member of the Class or any person has or has not suffered any damage.

18. In the event that the Settlement Agreement is terminated or is not consummated for any reason, this Settlement and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.

Signed: August 5, 2010

Richard L. Voorhees
United States District Judge